## In re SULZBERGER.
### Patent Appeal No. 2939.

Court of Customs and Patent Appeals.
April 4, 1932.

Hazell & Leech, of Washington, D. C. (Cleon J. Sawyer, J. J. Kennedy, P. B. Philipp, and Joseph W. Hazell, all of New York City, and Francis B. Leech, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claim 8 of appellant's application upon the ground that it includes matter not disclosed in the application as originally filed.

All of the claims of the application were rejected, but appeal was taken only as to claim 8, which reads as follows: "8. A medicated chewing tablet of predetermined accurate dose comprising an inner gum portion, a plurality of layers of water-insoluble medicament thereon and an outer covering layer over said medicament."

Appellant's application relates to laxative chewing gum sold under the trade-name "Feen-a-mint." The claim before us is for a tablet comprising an inner gum portion, a plurality of layers of water-insoluble medicament thereon, and an outer covering layer over said medicament.

The question is whether the original specification of appellant's application discloses an outer coating of the tablet in which no portion of the medicament is incorporated.

The Board of Appeals held that such an outer coating was not disclosed in appellant's original specification, and for that reason affirmed the decision of the Examiner rejecting said claim 8.

Appellant contends that the element here in question is disclosed in the following language of his specification: "The outer coating layer of the chewing gum may be a simple sugar layer, formed of a suitable syrup, and it may have incorporated therewith other constituents such as flavoring, etc. A mint flavor can be given to the gum by incorporating the mint in the outer coating or in the inner gum layer or in both portions of the chewing gum."

Earlier in his specification appellant states:

" * * * I provide a composite gum having a portion of chicle or chicle compound or similar material and having one or more layers or a coating combined therewith, in which the laxative is incorporated.

"Where the laxative is insoluble or difficultly soluble, the compounding of the laxative with the coating of the gum, for example, *with a sugar coating,* facilitates the separation of the laxative from the gum when chewed and makes it more readily available, while such amounts of the laxatives as are not thus made available during the early period of chewing become more or less completely available gradually as the chewing is continued." (Italics ours.)

In the paragraph of the specification following the above-quoted matter, appellant further sets out the advantages of incorporating the medicament in the outer coating of the tablet and again refers to a *sugar coating* containing the medicament. Later on, he states that all of the medicament may be incorporated in the outer coating or a portion in the outer coating and a portion with the central gum portion, and again states the advantages of having all or the greater part of the medicament in the outer coating.

In the paragraph immediately preceding the one relied upon by appellant (first above quoted), the specification states: "In addition to incorporating the laxative with the chewing gum in the manner described, other pharmaceutical preparations or physiological preparations may be incorporated either in the central gum portion of the chewing gum or in the outer coating layer of the chewing gum, or both. So also, coloring matter, flavoring, etc. can be incorporated in either or both portions of the chewing gum."

We cannot agree with appellant that the language, "The outer coating layer of the chewing gum may be a simple sugar layer, formed of a suitable syrup, and it may have incorporated therewith other constituents such as flavoring, etc.," should be construed as disclosing an outer coating excluding the medicament. It is our view that by this language appellant ·intended merely to point out how one might make the sugar coating which, as recognized throughout the specification, was to be combined with part or all of the medicament. The entire specification is based upon the theory that some portion, at least, of the medicament shall be included in the outer coating, and that outer coating is repeatedly referred to as a *sugar coating*. When the entire specification is considered, the obvious construction of the language last quoted is that the outer coating *containing medicament* may be formed as described. There was no occasion for repeating in the paragraph relied upon by appellant that the outer coating should contain all or a part of the medicament, because appellant had clearly taught that it should contain it in the preceding parts of the specification; consequently, its omission from said paragraph is without significance. Throughout appellant's specification he emphasizes the advantages of incorporating medicament in the outer coating, and it is clear to us that he never had in mind, and had no intention of disclosing, an outer coating that contained none of the medicament.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.